IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. 12-507-2 |
| vs. | : | |
| KIMLY CHUM | : | |

### ORDER

**AND NOW**, this           day of                              , 2013, upon consideration of the instant application, **it is hereby ORDERED** that Defendant Kimly Chum's Motion for Appointment of Immigration Counsel/Expert is **GRANTED.** Counsel for Ms. Chum is hereby authorized to spend up to $1500.00 for the expert services of Wayne Sachs, Esquire.

BY THE COURT:

_____
**HONORABLE ANITA B. BRODY**
Senior United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. 12-507-2 |
| vs. | : | |
| KIMLY CHUM | : | |

### DEFENDANT'S MOTION FOR APPOINTMENT OF IMMIGRATION COUNSEL/EXPERT

**AND NOW** comes Defendant Kimly Chum, by her court-appointed attorney, Kathryn C. Cacciamani, Esquire, and respectfully requests the Court to enter an Order authorizing her to retain an immigration counsel/expert and, in support thereof, avers the following:

1. On February 4, 2013, defendant Kimly Chum was indicted by a federal grand jury for violations of 18 U.S.C. § 371 (1 count), 26 U.S.C. § 7202 (2 counts), and 26 U.S.C. § 7203 (3 counts).

2. Ms. Chum was ordered released on $25,000 O/R and other pre-trial conditions at a detention hearing held February 4, 2013, in front of the Honorable Magistrate Judge Henry S. Perkin.

3. Ms. Chum was arraigned on February 6, 2013, before the Honorable Magistrate Judge Henry S. Perkin and entered a plea of not guilty to the instant indictment.

4. A jury trial was scheduled for March 18, 2013, however on an unopposed motion by the defense, the trial date has been lifted, and no further date is currently scheduled.

5. Ms. Cacciamani believes, and therefore, avers, that the Defendant is not a citizen of the United States; that she was born in Cambodia; that she entered this country legally in approximately 2001; that she married a U.S. citizen, Thomas Bosley, around that time and that she legally obtained a green card at that time; that since 2001, her husband left her and has not resided with her; and that in 2004, she had a child with co-defendant and U.S. citizen Victor Thatch; that the child, a son, was born in the United States in 2004; and that Ms. Chum continues to reside with her son in the Philadelphia area.

6. Conviction of any of the instant offenses will undoubtedly affect Defendant's current immigration status, future attempts to change her immigration status or to seek to legalize members of her family, her ability to seek naturalization to the status of United States citizen, or upon issuance of a formal order of removal from the United States, will otherwise impact her immigration status.

7. In order to meet her obligation to render effective assistance of counsel, Ms. Cacciamani must accurately advise Ms. Chum of the possible immigration consequences she will face as a result of her conviction of any of the instant offenses. However, beyond a very generalized understanding that the Defendant will face some risk of removal if she is convicted, undersigned counsel is not in a position to accurately advise her client as to the specific consequences which will follow.

8. In *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010), the United States Supreme Court clarified the scope of effective representation of noncitizen criminal defendants to include accurate affirmative advice regarding immigration consequences. The Court recognized that "deportation is an integral part… of the penalty that may be imposed on noncitizen defendants who plead guilty to specific crimes." *Id*.

at 1481. If a defense attorney understands the deportation consequences of a particular criminal offense, he/she "may be able to plea bargain creatively with the prosecutor in order to craft a conviction and sentence that reduce the likelihood of deportation…" *Id.* at 1486. When the law is clear and the consequences are clear, a defense attorney with rudimentary knowledge of immigration law will be able to provide correct advice. However, when the "law is not succinct and straightforward," an attorney not well-versed in the complexity of immigration law, such as undersigned counsel, will be unable to provide the advice necessary to render effective assistance of counsel for the noncitizen client.

9. Merely advising Ms. Chum that pending criminal charges may carry a risk of adverse immigration consequences will not be enough to provide effective assistance of counsel. Ms. Chum is indigent and cannot afford to hire a private immigration attorney to advise her of the immigration consequences in her criminal case. The Supreme Court has often reaffirmed that fundamental fairness entitles indigent defendants to be provided with the basic tools necessary to maneuver the adversarial system. *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985). Ms. Cacciamani cannot meet her obligation to render effective assistance of counsel without retention of an immigration counsel/expert, the basic tool necessary to maneuver the adversarial system in the instant case. Ms. Chum should not be deprived of her Sixth Amendment right to effective assistance of counsel because her case is legally complicated and she cannot afford to hire an immigration attorney.

10. Undersigned counsel has made preliminary inquiries to Wayne Sachs, Esquire, whose office is located at 1518 Walnut Street, Philadelphia PA, 19102. Mr. Sachs is an attorney who specializes in the immigration consequences of criminal convictions. According to

    Mr. Sachs, Defendant's immigration situation vis a vis the instant case is relatively complex in terms of what charges and/or sentences will subject the defendant to the risk of removal and whether there are any charges and/or sentences which, though carrying that risk, allow for potential relief from removal in the event that removal proceedings are in fact instituted against her.  This analysis will also require consultation with Defendant's family to determine the viability of a defensive application in the event that removal proceedings are initiated.

11. Wayne Sachs is recognized as a leading authority in the area of "crimmigration," or the intersection between criminal and immigration law. Mr. Sachs has specialized in the immigration consequences of criminal convictions for fifteen (15) years. He has lectured at no less than twenty-five (25) attorney trainings throughout Pennsylvania on behalf of the Pennsylvania Bar Institute and the Bar Associations of Philadelphia, Montgomery, Bucks, Delaware, Chester and Berks counties. Additionally, Mr. Sachs was the featured presenter on the topic of crimmigration to the PA Conference of State Trial Judges in Hershey in July 2011 and has appeared as a guest lecturer on this topic at Villanova Law School, University of Pennsylvania Law School and Penn State Law School. He has testified as an expert witness in the Court of Common Pleas in Chester and Berks counties. Mr. Sachs has also been contracted to be immigration counsel by the Defender Association of Philadelphia Federal Division and by the Allegheny County Court of Common Pleas.

12. Given the complexity of the immigration issue as it relates to Defendant's decision whether to enter a guilty plea, or having entered the plea, the complexity of the issues

involving sentencing, counsel requests that this Court authorize the appointment of Mr. Sachs as expert immigration counsel to assist in the representation of Ms. Chum.

13. Mr. Sachs has estimated that the requested service will require approximately ten (10) hours of work, and has agreed to perform this service at a reduced rate flat fee of $1,500.00.

14. Under the Criminal Justice Act, 18 U.S.C. § 3306A(e)(1), counsel is allowed to obtain "investigative, expert or other services necessary for adequate representation."

15. In order for Ms.Cacciamani to satisfy her constitutional obligation to render effective assistance of counsel to Defendant, she must retain Mr. Sachs as an immigration expert.

16. The undersigned has contacted AUSA, Kevin R. Brenner regarding this motion and the government has no position on defense's motion.

WHEREFORE, Defendant respectfully requests that the Court grant her motion.


/s/ Kathryn C. Cacciamani
Kathryn C. Cacciamani, Esquire
1800 JFK Blvd., Suite 300
Philadelphia,  PA  19103
215-771-8876
Attorney for Kimly Chum

Dated:    March 22, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I caused a true and correct copy of the foregoing Motion for Appointment of Immigration Counsel/Expert, of Defendant Kimly Chum, to be served via the Court's electronic filing system upon the following:

>AUSA Kevin R. Brenner, Esq.
>U.S. Attorney's Office
>615 Chestnut Street, Suite 1250
>Philadelphia, PA 19106
>Counsel for the Government
>
>Elizabeth Toplin, Esq.
>Federal Defenders
>601 Walnut Street
>Suite 545W
>Philadelphia, PA  19106
>Counsel for Victor Thach
>
>Michael Fanning, Esq.
>3143 Knights Road
>Bensalem, PA  19020
>Counsel for Sinoun Yav

>/s/Kathryn C. Cacciamani
>Kathryn C. Cacciamani, Esquire

Dated:   March 22, 2013